IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) FRANCES LEE BRINK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| 1) THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### THE PARTIES

1. Plaintiff, Frances Lee Brink, is a resident of Pottawatomie County in the State of Oklahoma.

2. Defendant, The Lincoln National Life Insurance Company (LNLIC), is a foreign corporation doing business in the State of Oklahoma, and may be served with process through the Oklahoma Insurance Department.

### JURISDICTION AND VENUE

3. This matter arises out of a contract between Plaintiff and Defendant LNLIC.

4. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) as the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

5. On or about September 1, 2005, Defendant sold, via its agent, Oklahoma Municipal Retirement Fund (OMRF), a policy of long-term disability insurance coverage to Plaintiff when she began her employment with the agent of Defendant.

6. All premiums due and owing on the involved insurance contract were paid.

7. Defendant accepted and retained all premiums thereon, and all applicable contracts were in full force and effect on the date Plaintiff filed a claim for benefits.

8. Plaintiff timely and properly made a claim for policy benefits on her applicable policy and otherwise complied with all conditions precedent, including the cooperation of any investigation needed in the claim handling.

9. On March 14, 2012, Plaintiff's claim for benefits was approved and her initial long-term benefit was released.

10. Less than a month later on April 19, 2012, Plaintiff was denied further benefits by Defendant.

## COUNT I - BREACH OF CONTRACT

Plaintiff realleges all previous allegations and further states:

11. On the date that Defendant denied benefits of disability payments to Plaintiff, there was a valid and paid insurance contract between Plaintiff and Defendant.

12. On or about April 19, 2012, Defendant breached this insurance contract with the Plaintiff by denying the benefits of disability payments in accordance with the terms of the policy.

13. Plaintiff seeks payment of the contractual benefits owed under her policy as compensation for her disability.

14. Plaintiff also seeks consequential damages for all harm arising from Defendant's breach of contract including Plaintiff's mental and physical injury, pain, anguish, embarrassment, and humiliation.

### COUNT II - BREACH OF THE DUTY
### OF GOOD FAITH AND FAIR DEALING

Plaintiff realleges all previous allegations and further states:

15. At all times applicable herein, as Plaintiff's insurer, Defendant owed Plaintiff a duty of good faith and fair dealing.

16. On April 19, 2012, Defendant wrongfully stopped payment of policy benefits.

17. In its handling of Plaintiff's claims, and as a matter of routine business practice in handling like claims under these policies, the Defendant breached its duty to deal fairly and act in good faith towards the Plaintiff by:

 a. Failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that she was entitled to those benefits;

 b. Failing to properly investigate Plaintiff's claims and to obtain additional information;

  c. Withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

  d. Refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

  e. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies to include Plaintiff's claims;

  f. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonable clear;

  g. Forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

  h. Failing to properly evaluate any investigation that was performed;

  i. Stopping payment of benefits without legal or factual justification;

  j. Failing to properly inform Plaintiff of the true basis of Defendant's failure to pay the claim so that Plaintiff would be alerted to the need to take further action; all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

  18. As a direct result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has sustained damages including the loss of

the policy coverage, anxiety, frustration, mental and emotional distress, financial hardship and other incidental damages.

19. The actions and omissions of Defendant were willful and malicious or made with reckless disregard for the rights of others entitling Plaintiff to punitive damages against Defendant.

## COUNT III - FALSE REPRESENTATIONS AND DECEIT

Plaintiff realleges all previous allegations and further states:

20. Defendant falsely represented coverage to Plaintiff concerning the subject long term disability policy on September 1, 2005.

21. On the same date, Defendant concealed important information concerning Defendant's abusive practices. Chiefly, Defendant did not inform Plaintiff that it would rely primarily, if not exclusively, on Defendant's hired experts for their determination that Plaintiff no longer qualified for her long term disability coverage.

22. These representations were false and were made with either the intent to deceive or were knowingly made recklessly without any knowledge as to their truth.

23. Plaintiff reasonably relied upon the representations and concealment of facts by Defendant.

24. As a direct result of Defendant's false representations and concealment of fact, Plaintiff has sustained damages including the loss of the policy coverage, anxiety, frustration, mental and emotional distress, financial hardship and other incidental damages.

25. Pursuant to 23 O.S. § 9.1(B), the actions and omissions of Defendant were willful and malicious or made with reckless disregard for the rights of others entitling Plaintiff to punitive damages against Defendant.

WHEREFORE, the Plaintiff, Frances Lee Brink, respectfully requests judgment against Defendant, The Lincoln National Life Insurance Company, in an amount in excess of $75,000.00 for actual and punitive damages, plus interests, costs and such other relief as the Court deems just and proper.

Dated this **20th** day of **November, 2013**.

*s/ Susan K. Carns*
Tye H. Smith, OBA #14595
Susan K. Carns, OBA #21488
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, OK 73159
405/234-2110
405/234-2128 (Fax)
tyesmith@carrcarrokc.com
scarns@carrcarrokc.com

**ATTORNEYS FOR PLAINTIFF**